Charles Sirota, Respondent, v. Joseph Shacknovitz and Others, Appellants; Isaac Freimowitz, Defendant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied, on the ground that leave is not necessary. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

Bernard Weiss, Respondent, v. Millon Amusement Corporation and Others, Appellants.— Motion to dismiss appeal granted. Present — Kelly, P. J., Rich, Manning, Young and Kapper, JJ.

Blanchard P. Atkinson, Respondent, v. Isabelle E. Atkinson, Appellant. — Interlocutory judgment and order denying motion for new trial on the ground of newly-discovered evidence unanimously affirmed, without costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

Elias Goldstein, Respondent, v. Jean Goldstein and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

Fritjof W. Hansen, Respondent, v. Charles W. Rappold, Appellant, Impleaded with Others, Defendants.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

Frances Lillian Kahn, Respondent, v. Leon Kahn, Appellant.— Order granting alimony and counsel fee *pendente lite* affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ., concur.

John Nelson, Respondent, v. Charles W. Rappold, Appellant, Impleaded with Others, Defendants.— Judgment of the County Court of Nassau county unanimously affirmed, with costs. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

The People of the State of New York, Respondent, v. Murrie Siegel, Appellant.— Judgment of conviction of the County Court of Nassau county and order denying motion for new trial on the ground of newly-discovered evidence affirmed. No opinion. Kelly, P. J., Manning and Young, JJ., concur; Rich, J., absent and not voting; Kapper, J., dissents and votes for reversal and a new trial on the ground that the evidence does not establish the commission of the crime of burglary. There was no purpose of larceny inside of the boat as charged in the indictment and none was proved. Those in charge of the boat unlocked and opened the door to permit defendant to come in. Defendant's purpose as established by the proof was to obtain the temporary use of the boat with the aid of those in charge of it for an errand of a character which it may be inferred was similar to that performed on a prior occasion, namely, the use of the boat to tow another boat on which liquor was probably being illegally carried. The intention to steal the boat itself could only be found as a fact if the circumstances were consistent solely with that hypothesis. Those circumstances point singly to the temporary use of the boat with the acquiescence of the men in charge and for the latter's pecuniary benefit. The alleged assault was not charged in the indictment, and the assault, if it took place, was not the outcome of a burglarious entry.

Gustave Rader Company, Respondent, v. Max Wasserman, Appellant, Impleaded with Another, Defendant.— Application denied, with ten dollars costs.